It is also submitted that the Court of Appeals in its opinion stated that "While we do not approve of the manner in which the attorney for the State conducted the examination in the particulars complained of - - - we do not find that this examination was prejudicial error;" and that by this statement the Court of Appeals must have put its stamp of disapproval in the manner in which the examination was conducted.

Attorneys—Roettinger & Street for Young; C. P. Taft, II, and C. E. Basler for State; all of Cincinnati.

---

No. 175

WHITAKER v. McCRORY

No. 20314. Supreme Court

On mot. to cert. Dock. Feb. 9, 1927, 5 Abs. 105.

225. CHARGE TO JURY—Did court err in charging upon contributory negligence in injury case based upon failure to warn of danger?

First Publication of this Case

Whitaker contends that error was committed in the charge to jury, when he sued to recover for injuries received by tripping over joist in room where repairs were being made, based upon failure to warn of danger the court should not charge upon contributory negligence.

Attorneys—Mose Lane and N. P. Harrington for Whitaker; S. W. Bowman for McCrory, all of Bowling Green.

---

No. 176

SEITY v. STATE MEDICAL BOARD

No. 20310. Supreme Court

On mot. to cert. Dock. Feb. 5, 1927, 5 Abs. 90.

921. STATE MEDICAL BOARD — Does State Medical Board have authority to dismiss appeal and hear case upon issues, where they involved moral turpitude and revocation of license?

First Publication of this Case

Seity contends that the State Medical Board has no right to dismiss appeal and hear case on issues, they being arrest and conviction for felony and immorality demanding revocation of license, the charge of being guilty of felony proved by conviction and jail sentence.

Attorneys—H. Hess, Cincinnati, for Seity.

---

No. 177

CANTON BRICK CO. v. LOTHAMER

No. 20313. Supreme Court

On motion to certify. Dock.

665. JOINDER OF PARTIES—Can third party be joined in suit by stockholders to recover alleged converted stock, his ground being that he is owner of the stock?

First Publication of this Case

The question involved is one of joinder of parties defendant, the contention being in an action by stockholders against corporation after reorganization to recover alleged converted stock, it is not error to overrule motion by third party to be made a defendant, who claims ownership of stock held by corporation.

Attorneys—Wilkin, Fernsell, Fisher & Limback, New Philadelphia, for Brick Co.; C. S. McDowell, Canton, for Lothamer.

---

No. 178

PECK v. CHATFIELD

No. 20307. Supreme Court

On Mot. to cert. Dock. Feb. 4, 1927, 5 Abs. 90.

127. BANKRUPTCY—Does estate of remainder, subject to life tenant, who will defeat remainderman if he outlives him, pass to trustee in bankruptcy, before death of life tenant?

First Publication of this Case

It is the contention of Peck in the Supreme Court that where an estate in remainder, subject to defeat, if remainderman dies before life tenant, does not pass to trustee in bankruptcy of remainderman, when life tenant is still living.

Attorneys—Peck, Shaffer & Williams for Peck; Dinsmore, Shohle & Sawyer for Chatfield; all of Cincinnati.

---

No. 179

FULLWOOD v. CANTON (City) et

No. 20173. Supreme Court

Error to Stark Appeals. Dock. Nov. 17, 1926, 4 Abs. 790.

797. MUNICIPAL CORPORATIONS—Is a city ordinance licensing electrical contractors and charging a fee therefor, in violation of one's constitutional rights?

First Publication of this Case

F. H. Fullwood filed his petition in the Stark Common Pleas alleging that he has been an electrical contractor for more than seven years past and that the City of Canton passed an ordinance requiring the licensing of electrical contractors and a certain fee therefor. Fullwood applied for a license and was refused. The lower court which was affirmed by the Court of Appeals found in favor of the City. Fullwood contends in the Supreme Court:

1. That ordinance No. 6367 of the City of Canton, providing for the licensing of electri-